# IN THE UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF ARKANSAS
# CENTRAL DIVISION

JERRY EUGENE KIRSCH, JR.                                      PLAINTIFF

v.                              4:19-cv-00914-DPM-JJV

ANDREW SAUL,
Commissioner,
Social Security Administration,                              DEFENDANT

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

## INSTRUCTIONS

This recommended disposition has been submitted to Chief United States District Judge D. P. Marshall Jr. The parties may file specific objections to these findings and recommendations and must provide the factual or legal basis for each objection. The objections must be filed with the Clerk no later than fourteen (14) days from the date of the findings and recommendations. A copy must be served on the opposing party. The district judge, even in the absence of objections, may reject these proposed findings and recommendations in whole or in part.

## RECOMMENDED DISPOSITION

Plaintiff, Jerry Kirsch, has appealed the final decision of the Commissioner of the Social Security Administration to deny his claim for supplemental security income. Both parties have submitted appeal briefs[1] and the case is ready for a decision.

---

[1] Plaintiff is proceeding pro se and his brief fails to state any issues of reversible error. Nevertheless, the Commissioner has proceeded with a defense based on the substantial evidence test. Accordingly, I have proceeded by way of a general review on whether or not the ALJ's decision is supported by substantial evidence.

A court's function on review is to determine whether the Commissioner's decision is supported by substantial evidence on the record as a whole and free of legal error. *Slusser v. Astrue*, 557 F.3d 923, 925 (8th Cir. 2009); *Long v. Chater*, 108 F.3d 185, 187 (8th Cir. 1997); *see also* 42 U.S.C. §§ 405(g), 1383(c)(3). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Reynolds v. Chater*, 82 F.3d 254, 257 (8th Cir. 1996). In assessing the substantiality of the evidence, courts must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; a court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision. *Sultan v. Barnhart*, 368 F.3d 857, 863 (8th Cir. 2004); *Woolf v. Shalala*, 3 F.3d 1210, 1213 (8th Cir. 1993).

The history of the administrative proceedings and the statement of facts relevant to this decision are contained in the Commissioner's briefs and are not in serious dispute. Therefore, they will not be repeated in this opinion except as necessary. After careful consideration of the record as a whole, I find the decision of the Commissioner is supported by substantial evidence.

Plaintiff is fairly young – only forty-three years old at the time of the administrative hearing. (Tr. 32.) He is a high school graduate and attended college. (*Id.*) He has past relevant work as a cook, merchandise deliverer, and stock clerk. (Tr. 20.)

The Administrative Law Judge (ALJ)[1] found Mr. Kirsch had not engaged in substantial

---

[1] The ALJ followed the required sequential analysis to determine: (1) whether the claimant was engaged in substantial gainful activity; (2) if not, whether the claimant had a severe impairment; (3) if so, whether the impairment (or combination of impairments) met or equaled a listed impairment; and (4) if not, whether the impairment (or combination of impairments) prevented the claimant from performing past relevant work; and (5) if so, whether the impairment (or combination of impairments) prevented the claimant from performing any other jobs available in significant numbers in the national economy. 20 C.F.R. §§ 416.920(a)-(g) and 404.1520(a)-(g).

gainful activity since March 16, 2016, the alleged onset date. (Tr. 12.) He has "severe" impairments in the form of degenerative disc disease and depression. (Tr. 13.) The ALJ further found Mr. Kirsch did not have an impairment or combination of impairments meeting or equaling an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1.[2] (Tr. 13-14.)

The ALJ determined Mr. Kirsch had the residual functional capacity to perform a reduced range of light work given his mental and physical impairments. (Tr. 15.) Given his residual functional capacity assessment, the ALJ determined Plaintiff could no longer perform any of his past work. (Tr. 20.) Therefore, the ALJ utilized the services of a vocational expert to determine if jobs existed that Plaintiff could perform despite his impairments. (Tr. 39-42.) Given the opinion of the vocational expert, the ALJ determined Mr. Kirsch could perform the jobs of small parts assembler and inspector and hand packager. (Tr. 21.) Accordingly, the ALJ determined Mr. Kirsch was not disabled. (22.)

The Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making his decision the final decision of the Commissioner. (Tr. 1-4.) Plaintiff filed the instant Complaint initiating this appeal. (Doc. No. 2.)

As the Commissioner points out, Plaintiff's own testimony fails to support an allegation of complete disability. Plaintiff testified he has no problems walking, lifting, carrying, or "picking things up." (Tr. 33.) For household chores, Mr. Kirsch mows the yard, helps with his father's barn, takes out the trash, cooks, cleans, washes the dishes, and "bring[s] in food." (Tr. 32.) He also reported he was capable of driving a vehicle. (Tr. 32-33.)

When asked, ". . . what is it that keeps you from being able to work full-time," Plaintiff

---

[2]420 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925, and 416.926.

testified:

> Just like reading some of the paperwork that you sent me, like over a year I haven't held a position, a job position over a year; for a long time. Maybe 2006 was the last time that I've held one for any length of time. That's what I was hoping a psychiatrist or whatnot could help me decide. But I'm not sure what's going to happen with that, then.

(Tr. 36.)

James A. Simpson, M.D., completed a General Physical Examination of Mr. Kirsch. (Tr. 322-326.) Dr. Simpson noted nothing disabling - concluding it was a normal physical examination and Plaintiff had no physical limitations. (Tr. 326.)

With regard to Plaintiff's allegations of mental limitation, Kenneth Hobby, Ph.D., performed a Mental Diagnostic Evaluation of Mr. Kirsch. (Tr. 308-318.) Dr. Hobby diagnosed Plaintiff with "Unspecified Anxiety Disorder with mild social anxiety, and reactive features." (Tr. 315.) But Dr. Hobby also noted nothing that could be considered disabling. (Tr. 317.) And the reasons Mr. Kirsch gave Dr. Hobby for his inability to work fail to support an allegation that Plaintiff is incapable of performing all forms of work activities.

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A) (emphasis added). A "physical or mental impairment . . . results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). Although Plaintiff has been diagnosed with mental illness, the ALJ's residual functional capacity assessment is supported by substantial evidence of record.

I have considered the arguments outlined in Plaintiff's brief, (Doc. No. 12), and find them to be without merit. It is not the task of this Court to review the evidence and make an independent

decision. Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings. The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ. *E.g., Mapes v. Chater*, 82 F.3d 259, 262 (8th Cir. 1996); *Pratt v. Sullivan*, 956 F.2d 830, 833 (8th Cir. 1992).

I have reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing, and the medical and other evidence. There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case. *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *see also Reutter ex rel. Reutter v. Barnhart*, 372 F.3d 946, 950 (8th Cir. 2004). The Commissioner's decision is not based on legal error.

IT IS THEREFORE RECOMMENDED that the final decision of the Commissioner be affirmed and Plaintiff's Complaint be dismissed with prejudice.

DATED this 8th day of April 2020.

_____
JOE J. VOLPE
UNITED STATES MAGISTRATE JUDGE